IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-138-D

| | |
|---|---|
| TERESA M. FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OTIS ELEVATOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

On May 26, 2010, plaintiff Teresa M. Foley ("Foley" or "plaintiff") filed suit in Columbus County Superior Court against Otis Elevator Company ("Otis" or "defendant") alleging breach of contract and negligence [D.E. 1-1]. Foley claims that she was injured in an elevator at Columbus Regional Hospital ("hospital"). The injury occurred when Foley, a hospital employee, attempted to stop the elevator doors from closing by activating the sensors in the doors with her left hand. Despite her effort, the elevator doors closed on her left hand and wrist causing injury. On July 8, 2010, Otis removed the action to this court [D.E. 1]. On February 10, 2011, Foley moved for leave to file an amended complaint [D.E. 14]. Foley seeks leave to add a claim for gross negligence. On March 16, 2011, Otis moved for partial summary judgment on Foley's breach of contract claim [D.E. 21]. Otis argues that Foley's status as a hospital employee does not create privity of contract with Otis and that Foley was not an intended direct third-party beneficiary of the contract between Otis and the hospital. For the reasons explained below, the court denies Foley leave to file an amended complaint and grants Otis's motion for partial summary judgment.

I.

In her motion for leave to file an amended complaint, Foley seeks to add a claim for gross negligence in violation of North Carolina law. Foley argues that the court must grant her motion because "counsel only recently became aware of evidence of other elevator accidents" and the Federal Rule of Civil Procedure 15(a)(2)'s liberal standard requires the court grant leave. Pl.'s Mot. Leave Am. 1. In opposition, Otis cites the deadline set by the court's scheduling order, claims it will be prejudiced by the late amendment, and that the amendment is futile. Def.'s Resp. Opp'n Mot. Am. 1–3.

Provided certain time requirements are met, a party may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Additional amendments are allowed only with the permission of the opposing party or with leave of court, and such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party files a motion to amend "after the deadlines provided by a scheduling order have passed, [Rule 16(b)'s] good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Here, the original scheduling order required that motions "to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after October 15, 2010, must meet the standards of Fed. R. Civ. P. 15 and 16." [D.E. 6] at 2. Rule 16(b) provides that a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel County, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished). Good cause exists when a party's exercise of reasonable diligence before the

2

expiration of the amendment deadline would not have resulted in the discovery of the evidence supporting a proposed amendment. United States v. Godwin, 247 F.R.D. 503, 506–08 (E.D.N.C. 2007). The burden to demonstrate good cause is on the moving party. Id. Prejudice, futility, and bad faith are "Rule 15(a) consideration[s]," and the court should not consider them unless the movant meets its initial burden under Rule 16(b). Stonecrest Partners, LLC v. Bank of Hampton Roads, No. 7:10-CV-63-FL, 2011 WL 923950, at *4 (E.D.N.C. Mar. 14, 2011) (quoting Nourison Rug Corp., 535 F.3d at 299).

Here, Foley has failed to demonstrate good cause for waiting until February 10, 2011, to seek leave to file an amended complaint. Foley claims the evidence was recently discovered, but fails to demonstrate that reasonable diligence would not have resulted in earlier discovery. Cf. Nourison Rug Corp., 535 F.3d at 298–99; Godwin, 247 F.R.D. at 507–08. Thus, Foley has failed to meet her burden to show good cause. See Godwin, 247 F.R.D. at 506. Therefore, plaintiff's motion for leave to file an amended complaint is denied.

II.

As for Otis's motion for partial summary judgment, summary judgment is appropriate when, after reviewing the record taken as a whole, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec.

3

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

The court has jurisdiction based on diversity, and North Carolina law governs Foley's breach of contract claim. As such, this court must determine how the Supreme Court of North Carolina would rule. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). "If the Supreme Court of [North] Carolina has spoken neither directly nor indirectly on the particular issue before us, we are called upon to predict how that court would rule if presented with the issue." Id. (quotation omitted). In making that prediction, the court may consider lower court opinions in North Carolina, treatises, and the practices of other states. See id.

On June 6, 2000, Otis entered into a maintenance contract with the hospital to perform maintenance on the hospital elevators. The contract states that Otis would inspect and repair the elevators and that the maintenance service was "intended to protect [the hospital's] investment, extend equipment life, and provide a high level of performance and reliability." See Def.'s Mem. Supp. Mot. Partial Summ. J., Ex. A at 1.

Foley contends that as a hospital employee, she was in privity of contract with Otis and is thereby entitled to receive contractual performance by Otis in servicing the elevator. See Compl. ¶ 18. Under North Carolina law, an employee is not in privity of contract with a party who contracted only with the employer. See, e.g., Brendle v. Gen. Tire & Rubber Co., 505 F.2d 243, 245–46 (4th Cir. 1974) (applying North Carolina law); Wyatt v. N.C. Equip. Co., 253 N.C. 355, 359–60, 117 S.E.2d

4

21, 24–25 (1960). Accordingly, as a stranger to the contract between Otis and the hospital, Foley cannot recover for breach of contract.

Alternatively, Foley contends that she was an intended direct third-party beneficiary of the contract between Otis and the hospital; therefore, Foley claims she should be able to recover damages for breach of contract. Under North Carolina law, despite a lack of privity, a third party who demonstrates that a contract is intended for her direct benefit may sue on the contract for performance or damages. See, e.g., Vogel v. Reed Supply Co., 277 N.C. 119, 127–28, 177 S.E.2d 273, 278 (1970). "The test, then, in third-party beneficiary cases, is whether the parties to the contract intended to confer a benefit directly upon the person so claiming, or whether the benefit to the claimant was merely incidental." Alva v. Cloninger, 51 N.C. App. 602, 607, 277 S.E.2d 535, 539 (1981). "When a party seeks enforcement of a contract as a third-party beneficiary, the contract must be construed strictly against the party seeking enforcement." Michael v. Huffman Oil Co., 190 N.C. App. 256, 269, 661 S.E.2d 1, 10 (2008).

Here, Foley was merely an incidental beneficiary of the contract. The contract states that its purpose was "to protect [the hospital's] investment, extend equipment life, and provide a high level of performance and reliability." Def.'s Mem. Supp. Mot. Partial Summ. J., Ex. A at 1. Moreover, no evidence suggests that Otis or the hospital provided the contract to Foley. Furthermore, the contract does not state that the parties entered the contract to directly benefit third parties, and nothing in the contract or the circumstances surrounding the transaction suggests such an intent. As such, Otis is entitled to summary judgment. See, e.g., G.E.B., Inc. v. QVC, Inc., 129 F. Supp. 2d 856, 860 (M.D.N.C. 2000) (applying North Carolina law); Spaulding v. Honeywell Int'l, Inc., 184 N.C. App. 317, 324–26, 646 S.E.2d 645, 650–52 (2007); Hoisington v. ZT-Winston-Salem Assocs., 133 N.C. App. 485, 490–94, 516 S.E.2d 176, 180–83 (1999); Alva, 51 N.C. App. at 608–09, 277 S.E.2d at 539.

5

Finally, the court rejects Foley's argument that the testimony and report of Stephen Carr, Ph.D., creates a genuine issue of material fact with respect to Foley's breach of contract claim. Even assuming that Carr's testimony and report are admissible concerning the legal conclusion that Foley was an intended third-party beneficiary, Carr's testimony does not create a genuine issue of material fact. Cf., e.g., Wagoner v. Elkin City Schools' Bd. of Educ., 113 N.C. App. 579, 583–88, 440 S.E.2d 119, 122–25 (1994). Likewise, Potter v. Carolina Water Co., 253 N.C. 112, 116 S.E.2d 374 (1960), provides no comfort to Foley given that this case (unlike Potter) does not involve a contract between a public service corporation and a municipality. Moreover, nothing suggest that the North Carolina Supreme Court would extend Potter to this case. Cf. Twin City Fire Ins. Co., 433 F.3d at 369.

III.

In sum, the court DENIES plaintiff's motion for leave to file an amended complaint [D.E. 14], GRANTS defendant's motion for partial summary judgment [D.E. 21], and DISMISSES plaintiff's breach of contract claim.

SO ORDERED. This 26 day of May 2011.

JAMES C. DEVER III
United States District Judge

6

Case 7:10-cv-00138-D   Document 27   Filed 05/27/11   Page 6 of 6